UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-332-MMM (SP) | Date | May 6, 2014 |
|---|---|---|---|
| Title | KARL MASEK v. COUNTY OF RIVERSIDE, et al. | | |

| Present: The Honorable | **Sheri Pym, United States Magistrate Judge** | |
|---|---|---|
| Kimberly Carter | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

None Appearing  None Appearing

**Proceedings:**   (In Chambers) Order to Show Cause Why Complaint Should Not Be Dismissed as Time-Barred

On February 21, 2014, plaintiff Karl Masek initiated this action by lodging a civil rights complaint under 42 U.S.C. § 1983, which complaint was subsequently filed on March 5, 2014. Plaintiff alleges various defendants: used excessive force against him, and failed to intervene to prevent such excessive force, in 2005; conspired to commit perjury on or about February 9, 2011; and conspired to deprive plaintiff of his civil rights between November 22, 2005 and February 22, 2011. The last date plaintiff alleges that any of the conduct at issue occurred was February 22, 2011, and he alleges he became aware of much of the earlier conduct on February 19, 2011, during a civil trial he brought for excessive force.

Section 1983 does not specify a statute of limitations. Accordingly, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (borrowing California's statute of limitations for personal injury actions in § 1983 suits). In California, the applicable statute of limitations is two years for personal injury claims that accrued on or after January 1, 2003. *See* Cal. Civ. Proc. Code § 335.1; *Maldonado v. Harris*, 370 F.3d 945, 954-955 (9th Cir. 2004). "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Knox v. Davis*, 260 F.3d 1009, 1013 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-332-MMM (SP) | Date | May 6, 2014 |
|---|---|---|---|
| Title | KARL MASEK v. COUNTY OF RIVERSIDE, et al. | | |

Cir. 2001) (citation omitted).

Here, according to the allegations in the complaint, the last date on which plaintiff's claim could have accrued was February 22, 2011. In particular, plaintiff alleges that he became aware of many of the claims during a trial in February 2011 (although he apparently knew of much of the conduct earlier), and the last date he alleges anything occurred was February 22, 2011. Nothing in the complaint suggests plaintiff did not have reason to know of the alleged injuries he suffered until a later date. It therefore appears all of plaintiff's claims accrued more than two years before he initiated this action on February 21, 2014. Further, as plaintiff was not in custody or facing criminal charges during the period since his last claim accrued, there does not appear to be any basis for tolling the statute of limitations. *See* Cal. Code Civ. Proc. § 352.1(a) (tolling statute of limitations for up to two years during period of imprisonment); Cal. Gov't Code § 945.3 (tolling statute of limitations during period criminal charges are pending, provided that the civil claim to be filed against a peace officer or his employing agency is based on conduct of the officer relating to the pending criminal charges against the plaintiff).

Consequently, it appears that the complaint is time-barred and must be dismissed with prejudice on that basis. But the court will not decide this matter without giving plaintiff an opportunity to respond.

Accordingly, within **twenty-one (21)** days of the date of this Order, that is, by **May 27, 2014**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed as time-barred. Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action with prejudice. In the event plaintiff wishes to voluntarily dismiss this action, plaintiff may complete and return the enclosed Notice of Dismissal form by May 27, 2014.